Morning Your Honors, Assistant State's Attorney Charles Prochaska on behalf of the people of the state of Illinois. May it please the court, I believe the issue in this case is a fairly straightforward one. The offense of kidnapping becomes aggravated kidnapping, a class X felony when a felony is committed upon the victim during the course of the kidnapping. The offense of criminal sexual assault becomes aggravated criminal sexual assault, also a felony when perpetrated during the commission of another felony. Under the facts presented in this case, three acts of sexual assault committed during the course of the kidnapping, the defendant committed both aggravated criminal sexual assault and aggravated kidnapping. Each offense becomes aggravated because during its commission the other offense was also committed. But the sentencing for the two offenses is different. The both class X felonies carrying six to 30 years. But aggravated criminal sexual assault requires consecutive sentencing for each. What if he's only charged with one aggravated criminal sexual assault? Well, the issue is not as to disparate sentencing. The issue is not as to what he's charged with, but whether the same conduct violates separate standards. Let me say this. Let's assume that he was only convicted of one count of aggravated criminal sexual assault. Then obviously there's no consecutive sentence. There's no sentence to run consecutive to. But in this particular case, he was convicted of three counts of aggravated criminal sexual assault, four counts of kidnapping. We submit that because the class X, I'm sorry, because aggravated criminal sexual assault requires mandatory consecutive sentencing where aggravated kidnapping does not, they violate the proportion penalties clause of the Illinois Constitution. The offenses are identical. The sentences are not. In its initial brief, the state misses. I'm sorry. What do you say to the state's argument that the manner you're complaining about the sentences being different, that the state really makes an argument, and I think it's a pretty good argument, that it's the manner in which the sentences are imposed that makes this different, and that's what you're really complaining about, and that our Supreme Court has already said that that's okay. How do you respond to that? Well, we're not arguing that consecutive sentencing is wrong in every case. What I have trouble with, and I know that the Supreme Court has ruled that the manner of sentencing is different from the sentence itself, but the fact is the sentencing code says that consecutive sentences are treated as a single sentence. So to accept that argument is to say that seven years is the same as 21. The fact is, in this particular case, had he been found guilty and not charged, let's say, with the aggravated criminal sexual assault, Terry Hawkins would serve a seven-year sentence. As it was, for the same conduct under the charge of aggravated criminal sexual assault, the three counts of aggravated criminal sexual assault, he must serve 21 years. Well, let's get to that. Tell me specifically why you think it's the same. The state makes a different argument, and they'll get their chance, but tell me why you think it's exactly the same conduct, or you didn't, that's not what you said now, but in your brief you said it requires proof of the same elements. Tell me why you think so. Because aggravated criminal sexual assault becomes aggravated if, during the course of the criminal sexual assault, another felony is committed against the victim. In this case, the other felony is the kidnapping. Kidnapping becomes aggravated if, during the course of the kidnapping, another felony, in this case, criminal sexual assault, is committed against the victim. They both require proof of the criminal sexual assault and the kidnapping. Both statutes require identical proof in order for the defendant to be found guilty. It doesn't matter whether the defendant was charged with all of these, but whether the statutes, whether two different statutes prescribe the identical conduct. And in this particular case, the identical conduct was committed and violated both statutes. That's why the sentencing is disparate. If there were, and there are other issues. I mean, I find problematic in this case, the exception to single course of conduct. If there are three sexual assaults that are considered to be within the single course of conduct, then they must be consecutive. And yet an ongoing or series of sexual assaults do not require consecutive sentencing. There are other anomalies in the statutes and in the sentencing provisions. But as to this particular defendant under this particular set of statutes. Sentences for criminal sexual assault and aggravated criminal sexual assault are always going to be served consecutively. That's what the statute says, right? Absolutely. So if we rule in your favor, what prevents every convicted felon who is convicted of crimes of a sexual nature from challenging the constitutionality of their sentence simply because another lesser crime with identical elements as you define it, of which they've also been convicted, did not require consecutive sentencing. I mean, you're basically asking us to do something that runs afoul of the statutory provision. Well, the court is often required to do that. Because sometimes the statutory provisions are written without regard to other statutory provisions, other provisions in the law that are contradictory. This particular statute has been in effect for some time. Aren't you asking us to create a loophole for felons who commit this kind of sex crime? No. That's what it sounds like. And what I'm asking is for this court to tell the legislature to be more conscientious when they draft a new law, to look at the- Wouldn't we all like that? They've got to listen to us. That's really the problem here. They pass legislation in knee-jerk response to situations without regard to the consequences as to other laws, other situations, other fact patterns that may or may not apply that give a contrary result. If I could ask this question. Certainly. Maybe it's my inarticulate way of posing it. But what you're saying is it's disproportionate, but it's only disproportionate if there's more than one aggravated criminal sexual assault. Well, by its very nature, consecutive sentencing requires that there be more than one crime or one statute violated. If there was one charge of aggravated criminal sexual assault, it would not be a disproportionate pattern. I'd answer that yes and no. No under those facts, but yes, because the statutes are contradictory. The statutes provide different outcomes. The aggravated criminal sexual assault requires, in every case, that there be mandatory consecutive sentencing when there's more than one sex act committed. Aggravated kidnapping does not when the underlying count, underlying offense, is a criminal sexual assault. The point is, as the cases talk about disparity in sentencing and disproportionate sentencing, they look to whether the conduct, the identical conduct, violates two distinct laws. In this particular case, the way the laws are written, this defendant's conduct was both a violation of the aggravated kidnapping statute and the aggravated criminal sexual assault statute, both for the same exact conduct. So why should it result in consecutive sentencing? And in each of those cases, if there was only one aggravated criminal sexual assault, he would be guilty of a class X felony, same rate as each of them, correct? Right. So I'm going back to my other question. This would be disproportionate if there's more than one aggravated criminal sexual assault. Well, and essentially, that's what we're arguing, yes. That because there are multiple counts for multiple offenses, which each violate two different laws, with identical proof, the laws should both provide. If anyone else has a cell phone on, please turn it off now. I don't want a repeat of that. That's very disruptive and disrespectful to the court. Continue, counsel. I'm sorry. The two statutes violated by identical conduct should require identical results, identical sentencing. And in this particular case, where you have multiple counts, which brings in consecutive sentencing as an issue, the consecutive sentencing should apply or not apply in both situations, whatever the legislature feels is appropriate. But in this particular case, we have two completely different results. And we have a defendant who, notwithstanding the language regarding the manner of serving the sentence, the bottom line is, because of consecutive sentencing, he is given a 21-year sentence. The Department of Corrections treats it as a 21-year sentence, not a seven-year sentence. I still want to come back to the state's point that the mandatory consecutive sentencing structure for the offense of aggravated criminal sexual assault really affects only the manner in which the sentence is carried out, not the punishment itself. So are you complaining about the punishment itself or the manner? I asked you that before, and I'm not sure what you said in response. Well, in response, I would say this. That language comes about in cases where the aggregate sentence exceeds the maximum for any single count. In other words, had the defendant been sentenced to 12 years, for example, on each of the three counts, the sentence would have been 36 years, more than the 30-year maximum for a class X felony. In that case, in that type of fact situation, is where the Supreme Court has talked about the manner of serving the sentence. There have been attacks on the aggregate sentence exceeding the maximum range. It calls into issue apprendee and similar cases. That's not the issue in our case. We're not talking about that. The fact is, though, that the sentencing code, 730 ILCS 5-5-8-4, paragraphs F and G, talk about consecutive sentencing shall be treated as a single sentence. When a defendant is sentenced consecutively on multiple felonies, it shall be treated by the Department of Corrections as a single sentence. And the fact is that no matter how we play with words, whether it's a manner of serving or not, he's serving a 21-year sentence, which would not have been the sentence for three counts of aggravated kidnapping, at least not necessarily. How do you know that? Well, we don't know that. But the law requires it in one case and doesn't require it in the other. And that's where the disparity arises. The sentencing range, the sentence imposed, must be the same for identical felonies. And we're not talking similar cases, similar felonies. We're talking the identical facts proving both offenses. In one case, the kidnapping and the criminal sexual assault. In the other case, the kidnapping and the criminal sexual assault. For aggravated criminal sexual assault, we have to prove the kidnapping and the sexual assault. For the aggravated kidnapping, we have to prove the kidnapping and the aggravated criminal sexual assault. The two are identical, but the sentences aren't. Well, we'll let the state get a chance to tell us what they think. Save a few minutes for rebuttal, counsel. Thank you. Thank you, Mr. Hyatt. Morning, your honors. Again, Charles Prochaska on behalf of the people. May it please the court. Your honors, the defendant in this case abducted a 13-year-old girl at knifepoint and repeatedly sexually assaulted her until she escaped from his apartment by jumping out of a window, injuring herself. As a result, the defendant was charged and convicted of four counts of aggravated kidnapping, which merged into the three counts of aggravated criminal sexual assault, for which he was sentenced to three separate sentences of seven years apiece. The only question before this court today is whether the proportionate penalties clause of the Illinois Constitution is implicated by the consecutive sentencing statute, which applies to defendants' multiple aggravated criminal sexual assault convictions. It is the people's position that a proportionate penalties clause analysis is not proper here. Both offenses, aggravated kidnapping and aggravated criminal sexual assault, are class X felonies for which the defendant could serve a minimum of six and a maximum of 30 years in the Illinois Department of Corrections for each offense convicted on. That should end this court's inquiry. Even though the state does concede that aggravated kidnapping predicated on criminal sexual assault and aggravated criminal sexual assault predicated on kidnapping do contain identical elements, the sentence ranges are the same. And proportionate penalties clause analysis only concerns itself, as Your Honor has pointed out, with the punishment. Here, the punishment is the same for the identical offenses. Let me ask you, doesn't each, talking about aggravated criminal sexual assault and aggravated kidnapping, didn't those two things have identical elements of proof? I mean, in this, under the factual scenario here, don't we need, each need proof of the other? Yes, Your Honor. Offense was committed while the defendant was engaged in committing the other felony? Yes, Your Honor. So how do you respond to Mr. Piotr's argument? Well, as Your Honor's pointed out previously, it's a well-settled rule in Illinois that consecutive sentences do not implicate the punishment itself. It only impacts the manner in which sentences are carried out. Counsel repeatedly referred to one sentence of 21 years, but that's not how the law looks at the defendant's sentence in this case. The law in Illinois looks at that sentence as three separate sentences for three separate offenses, three separate penetrations in this case, and he got seven years on each of those. Had he been sentenced on the aggravated kidnapping, he could have received between six to 30 years on each. So the sentence range is exactly the same, and the law is very clear on that. The people cited the case of People versus Wagner, which kind of illustrates this. In that case, our Supreme Court held that consecutive sentences remain discrete. They're to be treated individually. They're not to be transmuted into a single sentence, even though, as counsel argued, the Illinois Department of Corrections might look at it that way. The law looks at it as though it's a separate sentence on each offense that the defendant was convicted of. Your Honor, even if this court did consider the aggregate of the consecutive sentences counsel urges you to for an identical elements analysis, the statute still survives proportionate penalties analysis, because under it, multiple aggravated criminal sexual assaults are not always to be served consecutively. As counsel did point out, only when they're committed in a single course of conduct are they to be served consecutively. Otherwise, it's concurrent sentences. Similarly, for aggravated kidnapping, those aren't always to be served. Multiple convictions of aggravated kidnapping are not always to be served concurrently. Under Section B of the relevant statute, which we're discussing today, at the discretion of the trial court, if the judge finds that in order to protect the public from the defendant, consecutive sentences are warranted, then multiple aggravated kidnapping convictions could be served consecutively as well. And as Your Honor did point out during counsel's argument, if there was one conviction of aggravated criminal sexual assault, even under counsel's theory, there is no proportionate penalties problem. Finally, Your Honors, this court should be aware that our Supreme Court, on its own initiative, has recently asked the parties to the case of People versus Clemens to brief the issue as to whether an identical elements analysis should even be continued under a proportionate penalties clause analysis. Counsel's asking for an expansive reading of proportionate penalties going broader, more so than Illinois currently allows, more so than the Eighth Amendment of the federal Constitution currently allows. But we're in a state where we've already gotten rid of the cross-comparison analysis, taking two penalties, two statutes with a similar purpose. When is the briefing on that case, Stan, counsel? Do you know? I do know that the order was issued by the Supreme Court a few weeks ago. I don't know that the briefs have been filed. OK. So the- I won't hold our breath waiting for that one. OK. The point being the application of the identical elements test in a proportionate penalties clause analysis is not a foregone conclusion for the future in Illinois. Your Honor, just to distinguish all defendants' cases that he cited, he repeatedly referred to different sentencing ranges. Each of those cases dealt where there was a situation where there was maybe a sentence enhancement. So you had identical element offenses being punished, one offense on each side being punished with a different range. In this case, as we said, it's the same sentence range for each offense. Your Honor, for these reasons and those stated in our brief, the people ask that you affirm defendants' convictions and sentences. Thank you, counsel. How do you pronounce your name? Prochaska. Thank you, Mr. Prochaska. Mr. Steele? Piatt. Mr. Piatt. Response, please. Just a moment. One of the things that the state mentions, and it is true that in this case, a 13-year-old girl was snatched off the street, was sexually assaulted three times within a short period of time. Obviously, it was considered a single course of conduct by the court, which required the mandatory sentencing. One of the anomalies that comes about in our legislature's supreme wisdom is that had he kidnapped her three separate times and each time performed only one sexual act, he would not be subject to mandatory consecutive sentencing. But he could have been. He might have been, not he should have been or had to be. That's up to the learned trial judge. I understand that. But there are situations in the sentencing code that allow for enhancements and extended sentences under certain circumstances, but don't necessarily require them. And it's the requirement of the mandatory sentencing in this case that we're arguing against, that it must be imposed in aggravated criminal sexual assault, but not necessarily in any other case. I still think you have to respond to Mr. Procasco's argument about the manner of imposition as opposed to the punishment itself. I think that's a real important factor here. And you've responded to it, but there. I do have a response to that, if I may. Section 5-8-4G of the criminal code with respect to sentencing says, and I quote, in determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the defendant as though he or she had been committed for a single term. Now, this is not the language of the Department of Corrections. This is the language of our legislature and their directive to the Department of Corrections. They say that when there are consecutive sentencing, a sentence is imposed for felonies, they shall be treated as a single term. The bottom line is that we can play with the words in this case, but seven years is not the same as 21. He's given a 21-year sentence under the aggravated criminal sexual assault statute in this case because the trial court felt that it had to impose mandatory consecutive sentencing because there was aggravated criminal sexual assault. How do you know that? It's in the record. Well, certainly the trial court, the statute says that, but he was clearly convicted of these acts. I mean, you're asking us to really make a giant speculative leak with you that I'm not sure we're willing to make. Well, I'm not sure what speculation there is. I'll give you another speculation. Let's speculate that Mr. Hawkins was charged with one aggravated criminal sexual assault, and that's all. You want me to tell you what the sentence would have been? Could have been 21 years. Could have been 30. Could have been 60. But it didn't have to be. It goes back to that. When the legislature says the court shall impose, not the court may impose or the court can consider, but shall impose, it takes away the court's discretion. Judge Sachs felt that he had to impose consecutive sentences. He had to sentence the defendant on the aggravated criminal sexual assault to consecutive terms, even though he was also found guilty of an aggravated kidnapping based on the criminal sexual assault. Sounds to me like you are agreeing with Mr. Perchaska that it's really the manner of the sentences urging you as opposed to the punishment itself. And, you know. He's not going to do that. Well, of course not. You're not admitting that you're agreeing. Your argument is kind of supporting what your opponent is arguing in his brief, is what I'm saying, so. The difference is that I look at it from a very practical and, I think, very realistic standpoint. In this case, the defendant is serving 21 years for this offense or series of offenses. He's serving 21 years, not seven years. He was given three consecutive seven-year sentences, but he is serving 21. But as Justice Carles has pointed out, he could have been serving 21 years even if he had only been convicted of one of those. You are absolutely right. Or he could have gotten six years and been done with it. He could have gotten six years. I'll speculate, too, just as you've been doing. That's highly unlikely. You know, grab a 13-year-old girl off the street and, you know, under these circumstances, I think six years would have been highly unlikely, just as you were speculating in the opposite direction. I mean, we could go on like this all day. I understand. And I think the appropriate remedy is to vacate the sentence and remand it for resentencing and let the judge who heard the facts of the case and observed the defendant, observed the victim, make that determination without the requirement that the sentences be consecutive or with some directive to the legislature to make any sex offense, any multiple parent sex offense or offense involving a sexual crime. You know, Counselor, public court justices like to think that we have a lot of power. I haven't heard the legislature listening to us lately, so I don't think this is going to. One footnote. I had a situation with a client who was charged with carjacking. He stole a car, not realizing there was a baby in it. As soon as he heard the baby cry, he pulled up, took the baby up, dropped it on the curb in front of a group of people, and kept going. He was subsequently arrested, convicted of the carjacking, and is now required, because there was a child in the car, to register as a sex offender. Because the legislature, in their infinite, shall I say, stupidity, believes that that's a sex offense. The fact is, the legislature does stupid things all the time, without regard to the consequences, without regard to other statutes, without regard to what the intent of the underlying statute is. If their intention was to make any sex-related offense subject to consecutive sentencing, they should have done that. But in this case, what they did was they created a disparity in the two sentences. The same proof that violates two different laws carries two different sentences, which our Supreme Court says you cannot do. People v. Sharp, which we cite in our brief, which talks about identical elements for two different offenses, talks about that. You cannot impose a different sentencing structure for the same crime under two different statutes. That's what our argument is. I think you both made very good and clear arguments. We understand them. Obviously, we don't agree with one of you. But we understand your arguments. Thank you both for very spirited arguments. This case will be taken under advisement. Thank you.